### E. C. HAZARD & CO. v. UNITED STATES.

#### (Circuit Court, S. D. New York. November 9, 1908.)

#### No. 4,921.

CUSTOMS DUTIES (§ 43*)—CLASSIFICATION—COFFEE EXTRACT—"ARTICLE USED AS COFFEE"—"SUBSTITUTE FOR COFFEE"—"UNENUMERATED MANUFACTURED ARTICLE."

A liquid extract of the coffee bean *held* not to be dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 283, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), relating to "articles used as coffee, or as substitutes for coffee," but under section 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), as an unenumerated manufactured article.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 43.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The opinion below reads in part as follows:

HAY, General Appraiser. The appraiser reports that the merchandise consists of a liquid extract of the coffee bean, commercially known as "essence of coffee," and not as "coffee" or "coffee substitute." The sample bottle submitted at the hearing is labeled "Concentrated Essence of Turkey Coffee," with directions for adding 1 to 2 teaspoonfuls of the essence, sugar, and milk or cream, and boiling water, to make a cup of coffee. The witnesses introduced

by the importer at the hearing testified that they had no knowledge of the ingredients composing the commodity in question, but that it was used as a beverage, and one of them expressed the belief that it was composed of coffee and chicory.

With no other testimony before us than was presented, we could not sustain either of the importer's contentions. It is certainly not coffee, although coffee doubtless enters very largely into its composition, and in fact it may be manufactured wholly from coffee. It cannot, in our judgment, come under paragraph 283 of Act July 24, 1897, c. 11, § 1, Schedule G, par. 283, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), as it is apparent from the reading of that paragraph that it is intended to cover commodities that are not coffee and yet used as a substitute for it. No other paragraph of the law under which the commodity could be classified has been called to our attention, and the classification made by the collector is apparently a correct one. The commodity is not an unmanufactured article, and, if it is assessable under section 6, 30 Stat. 205, c. 11 (U. S. Comp. St. 1901, p. 1693), it is of course at the higher rate. The protest is therefore overruled.

Walden & Webster (Henry, J. Webster, of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge (orally). The merchandise in question is described by the local appraiser as a "liquid extract of the coffee bean." What facts he had before him upon which to base this conclusion does not appear. The merchandise was assessed for duty by the collector of customs at the rate of 20 per cent. ad valorem under section 6 of the tariff act of July 24, 1897, c. 11, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), which provides for all unenumerated manufactured articles. The protest sets up various claims; but upon the argument counsel for the importer, while not waiving his claim to free entry under paragraph 529, § 2, Free List, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1682), stated, using his own language, "my contention is that it [the merchandise in question herein] is covered by paragraph 283 [Schedule G, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652)], either as an 'article used as coffee or as a substitute for coffee,' directly or by similitude."

Two witnesses only testified before the Board of Appraisers. No additional evidence was introduced in this court. Neither of the witnesses was able to state what the article consisted of. The board finds that it is a manufactured article, and not specially provided for in any of the paragraphs of the act, and therefore assessable under section 6. They found from the meager evidence before them that the article was not coffee, and further, that it cannot "come under paragraph 283, as it is apparent from the reading of that paragraph that it is intended to cover commodities that are not coffee, and yet used as a substitute for it." The importer was content to bring this case before the court, resting upon that meager evidence. Apparently Congress intended by paragraph 283 to provide for a cheap article as a substitute for coffee. It does not affirmatively appear that the article here in question is a cheap commodity. It was within the knowledge of the importer to give evidence of the cost of the product, but he is silent upon that subject. As the case stands, I cannot assume that this article comes within the classification of articles that Congress intended should be included in paragraph 283.

In my opinion, there are not sufficient facts presented to justify the court in disturbing the findings or overruling the conclusions of the board. Their decision is affirmed.